```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/21/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOEL FISHER, *on behalf of himself, FLSA Collective Plaintiffs, and the Class*,

                    Plaintiff,

-against-

HUDSON HALL LLC, *doing business as* Mercado Little Spain, and THINK FOOD GROUP, LLC,

                    Defendants.

1:22-cv-09737 (MKV)

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Joel Fisher asserts claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Defendants Hudson Hall LLC and Think Food Group, LLC (collectively, "Defendants") move to dismiss these claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the motion to dismiss is GRANTED.

## BACKGROUND[1]

Fisher worked as a dishwasher and a porter at the Mercado Little Spain restaurant in Manhattan from January 2018 to March 2020. *See* First Amended Complaint ¶ 30 [ECF No. 14] ("FAC" or "Complaint"). Fisher was paid $15 per hour. FAC ¶ 33. Although Fisher was only scheduled to work 40 hours per week, he "always worked hours in excess of 40 hours" and was never compensated for that additional overtime. FAC ¶¶ 31, 32.

Fisher alleges that Defendants had a "common policy and practice of requiring off-the-clock work" and that such work was performed "at the instruction and with the knowledge of Defendants' management, including managers Helder . . . and Jennifer." FAC ¶¶ 35, 36.

---

[1] The following facts are taken from the Amended Complaint and accepted as true for purposes of resolving this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Specifically, Fisher alleges that he was "expected to clock-out at the end of his scheduled shifts but was instructed by managers, including [Helder and Jennifer] to continue performing other work tasks." FAC ¶ 35. The Complaint also alleges that Defendants "had a system of editing Plaintiff's . . . time sheets thereby reducing their compensable time." FAC ¶ 43.

In addition, Plaintiff contends that Defendants did not provide him with proper wage statements or notices under the NYLL. FAC ¶¶ 46–50.

Fisher filed this putative class and collective action in November 2022. *See* Complaint [ECF No. 1]. The FAC states claims for: (1) failure to pay overtime under the FLSA and NYLL and (2) failure to provide notices and wage statements under the NYLL. *See* FAC Prayer for Relief. Defendants move to dismiss the FLSA claim under Rule 12(b)(6), and the NYLL wage notice and statement claim under Rule 12(b)(1). *See* Motion to Dismiss [ECF No. 15]; Memorandum of Law [ECF No. 17] ("Def. Mem."). Fisher opposed, *see* Memorandum of Law in Opposition [ECF No. 18] ("Opp."), and Defendants replied, *see* Reply Memorandum of Law [ECF No. 18] ("Reply").

## LEGAL STANDARDS

### I.  Rule 12(b)(1): Lack of Subject Matter Jurisdiction

A district court "properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it,' such as when . . . the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). To satisfy the "'irreducible constitutional minimum' of standing," a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan*

*v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).  The burden is on "those who invoke the power of a federal court to demonstrate standing."  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013).

### II.     Rule 12(b)(6): Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, the FAC must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the Court "must accept as true all of the allegations contained in a complaint," this "tenet . . . is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

## ANALYSIS

### I.     Fisher's FLSA Claim is Time-Barred

Plaintiff was terminated in March of 2020 but did not file this lawsuit until November 2022.  Defendants therefore argue that Fisher's FLSA claim is barred by a two-year statute of limitations.  *See* Def. Mem.  7–11.

Generally, the "lapse of a limitations period is an affirmative defense that a defendant must plead and prove."  *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008).  However, a defendant "may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint."  *Id*.  A district court may therefore "dismiss a claim on statute-of-limitations grounds at the pleadings stage 'if the complaint clearly shows the claim is out of time.'"  *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 319 (2d Cir. 2021) (quoting *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999)).

Under the FLSA, claims for unpaid overtime are generally subject to a two-year statute of limitations.  *See* 29 U.S.C. § 255(a); *see also Whiteside*, 995 F.3d at 318.  But claims arising out

of an employer's *willful* violation of the FLSA are subject to a three-year limitations period. *Id.* An employer willfully violates the FLSA when "it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by' the Act." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). "Mere negligence is insufficient." *Id.* Indeed, if an employer "acts unreasonably, but not recklessly, . . . its action should not be considered willful." *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 39 (2d Cir. 1995) (citing *McLaughlin*, 486 U.S. at 135 n.13).

Fisher does not plausibly allege that Defendants willfully violated the FLSA. *See Whiteside*, 995 F.3d at 320. To start, allegations that "Defendants willfully violated [his] . . . rights" are conclusory and not entitled to the assumption of truth. FAC ¶ 35; *see Whiteside*, 995 F.3d at 320 (citing *Iqbal*, 556 U.S. at 678). The allegations of a "common policy and practice of requiring off-the-clock work" and "a system of editing Plaintiff's . . . time sheets" are similarly devoid of factual content. FAC ¶¶ 35, 43. Apart from these vague and generic assertions, Fisher does not describe the purported "common policy and practice" or time editing "system" in any detail. *See Sanchez v. L'Oreal USA, Inc.*, No. 21-CV-3229, 2022 WL 1556402, at *5 (S.D.N.Y. May 17, 2022) ("The Amended Complaint includes only conclusory assertions that Defendant . . . was aware of its overtime obligations and had a policy or practice of failing to meet them, without describing what that policy or practice is."). Moreover, these allegations fall woefully short of the factual detail found sufficient to allege willfulness in other cases. *Cf. Marshall v. UBS Fin. Servs., Inc.*, No. 14-CV-4384, 2015 WL 4095232, at *4 (S.D.N.Y. July 7, 2015) (motion to dismiss denied where "Amended Complaint allege[d] both that the defendant had a corporate policy of perpetrating wage violations, *detail[ed] what the policy was*, and allege[d] that the defendant's violations were willful" (emphasis added)); *Markovic v. Milos Hy, Inc.*, No. 22-CV-1412, 2023 WL 4763807, at *7 (S.D.N.Y. July 26, 2023) ("Plaintiffs do not just make conclusory allegations

4

of willfulness or allege post-hoc that the pay that they received violated the FLSA," but instead, "[t]hey allege that they contemporaneously raised concerns that Defendants' tip pool and distribution policies resulted in the underpayment of tips," that "[t]he employees were told that the collected tips went missing from the restaurant's safe that was accessible to only the managers and owners," that they "requested to see Defendants' tip records and sought clarification on how Defendants calculated the tip amounts distributed to tipped workers," that "Defendants refused to produce Plaintiffs with such records or information," and that "when they complained about the discrepancies, management threatened to fire everyone and start over.'" (cleaned up)); *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 363, 366 (2d Cir. 2011) (holding that the question of willfulness was properly left for trial where one of the plaintiff's supervisors 'conveyed to him that he was not to record overtime no matter how many hours he actually worked'"); *Hernandez v. NHR Hum. Res., LLC*, 2021 WL 2535534, at *16 (S.D.N.Y. June 18, 2021) (plaintiff alleged willfulness where defendant employer told plaintiff that he "would never be paid overtime"). Because Fisher fails to provide any similar factual detail, he has "not nudged [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Finally, even accepting as true that Fisher was "expected to clock-out at the end of his scheduled shifts but was instructed by managers . . . to continue performing other work tasks," that allegation does not demonstrate that Defendants acted *knowingly* or *recklessly*. *See Young*, 586 F.3d at 207. Indeed, Fisher fails to allege facts suggesting that Defendants "acted in *any* manner suggesting an awareness that their actions violated or could violate the FLSA." *Whiteside*, 995 F.3d at 324 (emphasis in original); *see also Malcolm v. City of New York*, No. 20-CV-9641, 2022 WL 684408, at *3 (S.D.N.Y. Mar. 8, 2022) (allegation that plaintiff "and unknown others advised some unknown other individual(s) about . . . allegedly unlawful conduct is both conclusory, and much too general, to plead willfulness" (quotation marks omitted)). At most, Fisher's allegations

"permit . . . an inference that Defendants [acted] negligently . . . which, without more, is insufficient." *Whiteside*, 995 F.3d at 324.

Although not mentioned by Fisher in his Opposition Brief, the Complaint also alleges that "Defendants' failure to pay all wages . . . is particularly egregious . . . as Defendants' employees have previously raised Defendants' wage violations to Defendants." FAC ¶ 45. Specifically, the Complaint references "an August 2019 action filed in Federal Court" pertaining to Defendants' alleged "improper wage policies." FAC ¶ 45.[2] This vague reference to another lawsuit does not salvage Fisher's claim. First, these allegations are "both conclusory, and much too general, to plead willfulness." *Malcolm*, 2022 WL 684408, at *3. More importantly, Fisher does not allege that the unspecified "improper wage policies" at issue in that several-year-old case were *in any way* related or relevant to the conduct at issue here. These allegations therefore do not elucidate whether Defendants' conduct *in this case* was knowing or reckless.[3]

Because Fisher has failed to adequately allege willfulness, the two-year statute of limitations applies. The FLSA claim is therefore time-barred. Count One is dismissed.

## II. The Court Declines to Exercise Supplemental Jurisdiction Over Fisher's State Law Claims

Fisher also alleges violations of the NYLL. FAC ¶¶ 66–73. Because, for the reasons above, Fisher's federal law claim is dismissed, the Court declines to exercise supplemental jurisdiction over the state law claims and does not consider their merits. *See* 28 U.S.C. § 1367(c)(3); *see Whiteside*, 995 F.3d at 325 (district court properly declined to exercise

---

[2] The lawsuit is *Braunstein v. Hudson Hall, LLC*, No. 19-CV-7983 (S.D.N.Y. 2019). *See* FAC ¶ 45.

[3] Defendants note that "liability was not ultimately determined" in that case. *See* Def. Mem. 10 n.3. That fact is beside the point, as "[f]acts adjudicated in a prior case do not meet [the standard for judicial notice under] Rule 201(b)." *Weisshaus v. Port Auth. of N.Y. & N.J.*, 814 F. App'x 643, 646 (2d Cir. 2020).

6

supplemental jurisdiction over state law claims when FLSA claims were dismissed on statute of limitations grounds). Count Two is therefore dismissed without prejudice to renewal in state court.

### III. Fisher is Granted Leave to Amend

A district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Claims barred by a statute of limitations are generally dismissed with prejudice. *See Romero v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 21-CV-4951, 2022 WL 624451, at *6 (S.D.N.Y. Mar. 2, 2022) ("Because the FLSA claim is barred by the statute of limitations, it will be dismissed with prejudice."). However, where a cause of action is dismissed because of a deficient pleading, leave to amend should generally be granted. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Fisher is therefore granted leave to amend his complaint.

### CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED. Any amended complaint must be filed on or before September 22, 2023. The Clerk of the Court is respectfully requested to terminate docket entry 15.

**SO ORDERED.**

Date: August 21, 2023
New York, NY

*[signature: Mary Kay Vyskocil]*

**MARY KAY VYSKOCIL**
**United States District Judge**