UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOEL FISHER,<br><br>        Plaintiff,<br><br>    v.<br><br>HUDSON HALL LLC, et al.,<br><br>        Defendants. | 22 Civ. 9737 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

  Plaintiff Joel Fisher ("Plaintiff" or "Fisher") brings suit against Defendants Hudson Hall, LLC (d.b.a. "Mercado Little Spain") and Think Food Group, LLC ("Defendants"), alleging claims for: (1) failure to pay overtime under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); and (2) failure to provide notices and wage statements under the NYLL. *See* Second Am. Compl. ("SAC") ¶¶ 81-105, ECF No. 21. Before the Court is Defendants' motion to dismiss Plaintiff's SAC, *see* ECF No. 31. For the reasons discussed herein, Defendants' motion is **GRANTED**.

## BACKGROUND

### I. Factual Background

  The following facts are drawn from the SAC and are assumed to be true solely for purposes of adjudicating Defendants' motion. *See Buon v. Spindler*, 65 F.4th 64, 69 n.1 (2d Cir. 2023).

  Fisher worked as a dishwasher and a porter at the Mercado Little Spain restaurant in Manhattan from January 2018 to March 2020. *See* SAC ¶ 30. Fisher was paid $15 per hour. *Id.* ¶ 33. Although Fisher was only scheduled to work 40 hours per week, he "always worked hours in excess of 40 hours" and was never compensated for that additional overtime. *Id.* ¶¶ 31-32, 36-38.

Plaintiff alleges that Defendants had a "common policy and practice of requiring off-the-clock work" and such work was performed "at the instruction and with the knowledge of Defendants' management." *Id.* ¶¶ 51-52. Fisher was required "to clock-out at the end of his scheduled shifts but was forced by managers . . . to continue performing other work tasks." *Id.* ¶ 35. Defendants "had a system of editing" the "punch-time" of Plaintiff and those in his putative collective action and class, "thereby reducing their compensable time." *Id.* ¶¶ 37, 53. Defendants did not provide Plaintiff with proper wage statements or notices under the NYLL. *Id.* ¶¶ 70-71.

## II.      Procedural History

Plaintiff filed suit on November 15, 2022, and first amended his pleadings on February 10, 2023. *See* ECF Nos. 1, 14. On February 24, 2023, Defendant filed a motion to dismiss the amended complaint, which was granted on August 21, 2023. *See* ECF Nos. 15, 20. Because (1) Plaintiff filed his lawsuit over two years after his termination (i.e., outside FLSA's two-year statute of limitations) and (2) Plaintiff failed to plausibly allege that Defendants willfully violated FLSA, such that a three-year statute of limitations period would instead apply, the Court concluded that Plaintiff's claims were time-barred. *See Fisher v. Hudson Hall LLC*, No. 22 Civ. 9737, 2023 WL 5353402, at *2 (S.D.N.Y. Aug. 21, 2023).[1] Additionally, because the Court dismissed Plaintiff's federal claim, it "decline[d] to exercise supplemental jurisdiction over the state law claims." *Id.* at *3. It nonetheless granted Plaintiff leave to amend his complaint to cure his deficient pleadings. *See id.*

---

[1] In all quotations from cases, internal quotation marks, citations, footnotes, ellipses, brackets, and other modifications are omitted unless otherwise indicated.

Plaintiff filed his SAC, the operative pleading, on September 22, 2023, alongside a second named Plaintiff, Paula Hamablet ("Hamablet"), who is a current employee of Defendants. *See* SAC ¶¶ 1, 45, ECF No. 21.² However, on October 6, 2023, shortly after Defendants notified the Court that "Defendants and Hamablet are parties to an arbitration agreement," *see* ECF No. 22 at 3, Hamablet voluntarily dismissed her claims, to instead "pursue her claims in Arbitration." ECF No. 25. The Court so ordered Hamablet's voluntary dismissal on November 1, 2023, thereby terminating her from the case. ECF No. 28.

## LEGAL STANDARDS

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Giunta v. Dingman*, 893 F.3d 73, 79 (2d Cir. 2018).³ A court may not dismiss claims unless the plaintiff has failed to plead facts sufficient to state a claim to relief that is facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, a plaintiff must allege facts showing "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is axiomatic that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Generally, "[t]he lapse of a limitations period is an affirmative defense that a defendant must plead and prove." *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008) (citing Fed. R. Civ. P. 8(c)(1)). Nevertheless, "a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Id*. "A

---

² This case was reassigned to the undersigned on October 19, 2023. *See* Oct. 19, 2023, Min. Entry.

³ All references to Rules are to the Federal Rules of Civil Procedure.

3

court accordingly may dismiss a claim on statute-of-limitations grounds at the pleading stage 'if [the] complaint clearly shows the claim is out of time.'" *Whiteside v. Hover- Davis*, 995 F.3d 315, 319 (2d Cir. 2021) (quoting *Harris v. City of N.Y.*, 186 F.3d 243, 250 (2d Cir. 1999)).

## DISCUSSION

### I. Preliminary Matters

As discussed above, Hamablet voluntarily dismissed her claims on November 1, 2023. *See* ECF No. 28. Nonetheless, Fisher argues that "due to an arbitration agreement, her allegations still remain in the SAC and buttress the claim of willfulness found therein." Mem. of L. in Opp'n of Def.'s Mot. to Dismiss Pl.'s Claims in the Second Am. Compl. ("Opp'n") 2, ECF No. 34. Based on this understanding, Plaintiff attempts to rely on Hamablet's allegations throughout his opposition brief. *See generally id.* The Court construes Plaintiff's brief as arguing either that the terms of Hamablet's arbitration agreement reserved her right to defend claims in this suit, or that the allegations in the SAC regarding Hamablet support Plaintiff's claims. Either way, Plaintiff is incorrect.

In her arbitration agreement, Hamablet agreed to arbitrate all covered claims, including all claims under FLSA and the NYLL. *See* Hamablet Arb. Agreement at 1-2, ECF No. 22-1. She agreed that the arbitrator's "arbitration decision, including findings of fact and conclusions of law, [would] be final and binding upon the Parties," including herself. *Id.* at 1. Hamablet therefore no longer has any stake in this case, and Plaintiff does not have standing to raise Hamablet's claims on her behalf. *See Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("To satisfy the irreducible constitutional minimum of standing, a plaintiff must demonstrate [] a *personal* injury in fact.") (emphasis added).

To the extent Plaintiff relies on Hamablet's factual allegations to support his own claim that Defendants willfully violated his rights under FLSA, such attempt also fails. According to

Plaintiff's own pleadings, Fisher and Hamablet's employment never overlapped; rather, they were employed more than a year apart from each other. *See* SAC ¶ 30 (alleging that Fisher worked for Defendants from January 2018 to March 2020); *id.* ¶ 45 (alleging that Hamablet is a current employee who began working for Defendants in April 2021). As such, allegations as to what Hamablet may or may not have experienced have no direct bearing on Fisher's experiences during his employment with Defendants, at least not without some additional allegations linking their treatment. And even if Hamablet's allegations were relevant, they at most support an inference that Defendants acted negligently or unreasonably with respect to their FLSA duties. *See* discussion *infra*. As explained below, such an inference cannot save Plaintiff's FLSA claim, which turns on whether Defendants acted willfully in their alleged violations of FLSA.

## II.   FLSA Claim (Count I)

As the previous opinion dismissing the original complaint held (incorporated by reference below), the Court concludes that Fisher's FLSA claim is time-barred, and Count I is accordingly dismissed.

Under FLSA, a plaintiff must bring a claim "within two years after the cause of action accrued . . . except that a cause of action arising out of a *willful* violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a) (emphasis added). Here, Plaintiff was terminated in March 2020 but did not file suit until more than two years later, in November 2022. *See* SAC ¶ 30; Compl., ECF No. 1. "[F]or the three-year [FLSA] exception to apply" to save Plaintiff's claim, Plaintiff must allege facts that give rise to an inference that Defendants willfully violated his FLSA rights. *Whiteside*, 995 F.3d at 320. To do so, Plaintiff must show that Defendants "'knew or showed reckless disregard for the matter of whether [their] conduct was prohibited by [FLSA].'" *Id.* at 322 (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). "Reckless disregard, in this context, involves actual knowledge of a legal

5

requirement, and deliberate disregard of the risk that one is in violation." *Pappas v. City of N.Y.*, No. 23 Civ. 6010, 2024 WL 2093472, at *13 (S.D.N.Y. May 9, 2024). "If an employer acts unreasonably, but not recklessly, in determining its legal obligation," its action should not be considered willful. *See McLaughlin*, 486 U.S. at 135 n.13. As discussed further below, Plaintiff cannot establish willfulness and, accordingly, Count I is time-barred.

Other than adding Hamablet as a plaintiff and making various allegations with respect to Hamablet's employment, the SAC makes only two changes pertaining to Fisher: it states that the Defendants had shaved off five hours per pay week from Fisher's timesheet, resulting in 2.5 hours of unpaid time in overtime, *see* SAC ¶ 43, and it identifies one additional manager who allegedly required Fisher to perform off-the clock work, *see id.* ¶ 51. Such facts do not establish willfulness.

First, Plaintiff does not set forth any allegations suggesting that anyone from management—let alone anyone who was in control of determining Fisher's wages—was aware that they were violating their obligations under FLSA. Indeed, Plaintiff has provided no factual allegations at all to suggest that Defendants "acted in *any* manner suggesting an awareness that their actions violated or could violate the FLSA" or had "actual knowledge" and a "reckless disregard" of their legal obligations. *Whiteside*, 995 F.3d at 324 (emphasis in original); *cf. Hernandez v. NHR Hum. Res., LLC*, No. 20 Civ. 3109, 2021 WL 2535534, at *2, *16 (S.D.N.Y. June 18, 2021) (finding willfulness where the defendant employer and its agents informed the plaintiff directly that he "would never be paid overtime").

Next, Plaintiff fails to plausibly allege that Defendants showed reckless disregard for the matter of whether their conduct was prohibited by FLSA. As the Court previously explained, "even accepting as true that Fisher was expected to clock-out at the end of his scheduled shifts but was instructed by managers . . . to continue performing other work tasks, that allegation does

6

not demonstrate that Defendants acted *knowingly or recklessly.*" *Fisher*, 2023 WL 5353402, at

*3 (emphasis in original).  At most, Fisher's allegations "permit . . . an inference that Defendants

[acted] negligently . . . which, without more, is insufficient." *Whiteside*, 995 F.3d at 324.

To the extent Plaintiff attempts to rely on conclusory allegations as to willfulness, that

attempt also fails.  The Court incorporates by reference its previous analysis, with updated

citations to the SAC:

> [A]llegations that "Defendants willfully violated [his] . . rights" are conclusory and not entitled to the assumption of truth. [SAC ¶ 86]; *see Whiteside*, 995 F.3d at 32[1] (citing *Iqbal*, 556 U.S. at 678). The allegations of a "common policy and practice of requiring off-the-clock work" and "a system of editing Plaintiff['s] . . . [punch-]time . . ." are similarly devoid of factual content.  [SAC ¶¶ 37, 52.]  Apart from these vague and generic assertions, Fisher does not describe the purported "common policy and practice" or time editing "system" in any detail.

*Fisher*, 2023 WL 5353402, at *2.

"[C]onclusory assertions" that a defendant was "aware of its overtime obligations and

had a policy or practice of failing to meet them, without describing what that policy or practice

is" are insufficient.  *See Sanchez v. L'Oreal USA, Inc.*, No. 21 Civ. 3229, 2022 WL 1556402, at

*4-5 (S.D.N.Y. May 17, 2022) (dismissing plaintiff's claims of willfulness on the basis that,

*inter alia*, plaintiff's claim that "[d]efendants *forced* [p]laintiff to work late hours during the

holiday season" was too conclusory to plead willfulness (emphasis added)).  Such allegations do

not contain the factual detail found sufficient to allege willfulness in other cases in this district.

*Cf. Marshall v. UBS Fin. Servs., Inc.*, No. 14 Civ. 4384, 2015 WL 4095232, at *4 (S.D.N.Y. July

7, 2015) (denying a motion to dismiss where "Amended Complaint allege[d] both that the

defendant had a corporate policy of perpetrating wage violations, *detail[ed] what the policy was*,

and allege[d] that the defendant's violations were willful" (emphasis added)); *Markovic v. Milos*

*Hy, Inc.*, No. 22 Civ. 1412, 2023 WL 4763807, at *7 (S.D.N.Y. July 26, 2023) (denying a

7

motion to dismiss where plaintiffs "allege[d] that they contemporaneously raised concerns that Defendants' tip pool and distribution policies resulted in the underpayment of tips;" that "[t]he employees were told that the collected tips went missing from the restaurant's safe that was accessible to only the managers and owners;" that they "requested to see Defendants' tip records and sought clarification on how Defendants calculated the tip amounts distributed to tipped workers;" that "Defendants refused to produce Plaintiffs with such records or information;" and that "when they complained about the discrepancies, management threatened to fire everyone and start over").

To the extent Plaintiff attempts to use the facts alleged by Hamablet to support his willfulness claim, such attempt fails. Where, as here, "a plaintiff relies on a theory of willfulness to save an FLSA claim that otherwise appears untimely on its face, it should similarly be incumbent on *the plaintiff* to plead facts that make [his] entitlement to the willfulness exception plausible." *Whiteside*, 995 F.3d at 323 (emphasis added). Whether Defendants violated Hamablet's FLSA rights has no direct bearing on whether they violated *Plaintiff*'s, particularly given that Hamablet and Plaintiff never overlapped as employees for Defendants. *See* SAC ¶ 30 (alleging that Fisher worked for Defendants from January 2018 to March 2020); *id.* ¶ 45 (alleging that Hamablet is a current employee who began working for Defendants in April 2021). Hamablet's allegations do not demonstrate that Defendants knew of their FLSA obligations but "deliberate[ly] disregard[ed]" the risk of being "in violation," *Pappas*, 2024 WL 2093472, at *13. At most, the SAC permits an inference that Defendants were negligent or acted "unreasonably, but not recklessly, in determining [their] legal obligation" under FLSA. *McLaughlin*, 486 U.S. at 135 n.13. *See, e.g.*, SAC ¶¶ 59-60 (Defendants required Hamablet to engage in "non-tipped" activities), ¶ 77 (Hamablet was not paid for off-the-clock work). *Cf. Whiteside*, 995 F.3d at 322 (To establish willfulness, a movant must show that an employer

"knew or showed reckless disregard for the matter of whether [its] conduct was prohibited by [FLSA]."); *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) ("Mere negligence is insufficient [to establish willfulness.]").

The SAC provides no new factual allegations plausibly alleging that Defendants willfully violated their obligations under FLSA.  As a result, Plaintiff has "not nudged [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  Given Plaintiff's failure to allege facts sufficient to demonstrate a finding of willfulness, FLSA's two-year statute of limitations applies.  *See* 29 U.S.C. § 255(a).  Fisher filed the initial Complaint more than two years after his FLSA claim accrued.  *See* Compl. (indicating that the case was filed on November 15, 2022); SAC ¶ 30 (stating Plaintiff was terminated in March 2020).  Accordingly, "on the face of the complaint," Plaintiff's FLSA claim is time-barred.  *Staehr*, 547 F.3d at 425.

## III. NYLL Claims (Count II)

Fisher also alleges violations of the NYLL.  SAC ¶¶ 95-105.  As before, because it dismisses Fisher's federal claim, "the Court declines to exercise supplemental jurisdiction over the state law claims and does not consider their merits." *Fisher*, 2023 WL 5353402, at *3; *accord Klein & Co. Futures, Inc. v. Bd. of Trade of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."); *Whiteside*, 995 F.3d at 325 (holding that the district court properly declined to exercise supplemental jurisdiction over state law claims when FLSA claims were dismissed on statute of limitations grounds).  Count II is therefore dismissed without prejudice to refiling in state court.

9

## CONCLUSION

For the reasons discussed herein, Defendant's motion to dismiss is **GRANTED**. Count I is dismissed with prejudice. *See Romero v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 21 Civ. 4951, 2022 WL 624451, at *6 (S.D.N.Y. Mar. 2, 2022) ("Because the FLSA claim is barred by the statute of limitations, it will be dismissed with prejudice."). As noted, the Court declines to exercise supplemental jurisdiction over Count II, which is dismissed without prejudice to refiling in state court.

The Clerk of Court is respectfully requested to terminate ECF No. 31 and to close the case.

SO ORDERED.

Dated: June 21, 2024
New York, New York

_____
DALE E. HO
United States District Judge